Tage E. PEARSON, Plaintiff-Appellant,

v.

YOUNGSTOWN SHEET AND TUBE COMPANY, an Ohio Corporation, Defendant-Appellee.

No. 14447.

United States Court of Appeals Seventh Circuit.

June 4, 1964.

John E. Leeney and Edmond J. Leeney, Timothy P. Galvin, Jr., Hammond, Ind., for appellant.

Lester Murphy, Jr., E. Chicago, Ind., Charles R. Kaufman, Chicago, Ill., by Henry M. Thullen, Alan S. Gratch, Chicago, Ill., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., Riley, Reed, Murphy & McAtee, East Chicago, Ind., of counsel, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff filed this diversity action to recover from defendant (a corporation) for an alleged breach of an implied contract of employment. The complaint consists of three counts. The trial court dismissed Counts I and III for failure to state a cause upon which relief could be granted, and allowed defendant's motion for summary judgment as to Count II. From a judgment of dismissal entered October 22, 1963, plaintiff appeals.

Plaintiff in support of his right to recover advances a novel theory, unknown to the law so far as we are aware. In the concluding paragraph of his brief, he states, "This is not an action under a written contract where the rights of the parties are carefully defined and duties expressly set forth. * * * It arises by reason of certain facts, some of which are set forth in the complaint. At issue here are the rights and responsibilities arising under those facts. There is very little established law which directly treats of this relationship." Thus, it appears we are requested to promulgate a new rule of law relative to the employer-employee relationship.

Count I, so far as material, alleges that plaintiff was employed by defendant under an implied contract of employment in which defendant agreed "to permanently employ" plaintiff at wages and salaries and incidental benefits to be agreed upon from time to time; that in consideration for said compensation, plaintiff continued in defendant's employ for 28½ years; that by reason of the passage of said period of time suitability for employment elsewhere had been destroyed, and that defendant breached said implied contract of employment by discharging plaintiff.

Count II in the main repeats the allegations of Count I and in addition alleges "that defendant did negligently, carelessly, wilfully and tortiously, in conspiracy with another, interfere with the aforesaid contractual relationship causing the plaintiff to be dismissed from his employment on or about October 18, 1961."

Plaintiff, in response to interrogatories, admitted that the person with whom defendant allegedly conspired was Dr. J. C. Fleischer, a medical doctor who, pursuant to his terms of employment with defendant, examined plaintiff and reported to defendant his physical condition. Plaintiff in his brief concedes that said doctor was an agent of defendant and acting in the scope of his employment in respect to all material times and acts alleged in the complaint.

Count III alleges that defendant's said medical doctor while acting within the scope of his employment carelessly and negligently examined plaintiff and advised defendant that plaintiff was able to return to work when in fact he was not able to do so and, acting upon the misrepresentation of the doctor, defendant directed plaintiff to return to work. The Count further alleges "that an agent of the defendant, unknown to this plaintiff, while acting in the scope of his employment, negligently or wilfully and intentionally misrepresented to the defendant sometime prior to January 3, 1962, that this plaintiff has voluntarily terminated his employment when he knew or had reason to know that such was not the fact."

Both Counts I and II allege that during all the years of plaintiff's employment there was an implied contract of permanent employment. Admittedly

there was no written contract, so in the beginning the parties must have entered into an oral agreement of indefinite duration by which plaintiff agreed to render service to defendant for a specified consideration. This relation insofar as it concerned plaintiff's tenure of employment remained from year to year. Either party had the legal right at any time to sever the relationship.

Plaintiff's position appears to be that because his employment continued for 28½ years, his suitability for employment elsewhere had been destroyed, and that such tenure constituted a sufficient consideration to support a contract of permanent employment. Stated another way, he contends that the detriment incurred by reason of his prolonged employment is sufficient consideration to support the alleged contract. This contention is a tacit admission that there was no such consideration in the beginning but that at some point over the years there emerged a consideration sufficient to support a contract for permanent employment. This theory overlooks the important fact that at any time during those years either of the parties had a right to terminate plaintiff's employment, and that he received all the compensation which defendant promised to pay.

It is fundamental that such an agreement is terminable at the will of either party. As stated in Hoon v. Harmer Steel Products and Supply Co., 9 Cir. 278 F.2d 427, 433, " * * * it is to be noted that since the agency agreement specified no time duration for the relationship it was an agency at will which could be terminated by either party at any time on due notice to the other party. [Citing cases.]" In C.J.S., Volume 17A, Contracts, page 491, § 404, many cases are cited in support of the statement, "Where under the contract a party may terminate it at his option, and he does so, the contract is at an end and neither party is liable after termination for further transactions thereunder."

We know of no limitation on this right other than that imposed by statute. The National Labor Relations Act, wherein the right to discharge is limited to non-discriminatory causes, is a notable example. Even so, "[t]hat there may be a tenure or term of employment determinable at will is a recognized principle of law." N. L. R. B. v. Waterman S. S. Corp., 309 U.S. 206, 219, 60 S.Ct. 493, 500, 84 L.Ed. 704.

This being a diversity case, we are reminded that the law of Indiana is controlling. However, we do not find the rule announced by the courts of that State any different from the body of the law generally. The case most emphasized by plaintiff is Pennsylvania Company v. Dolan, 6 Ind.App. 109, 32 N.E. 802, 804. A statement in that opinion readily distinguishes it from the instant situation. "The appellee was injured by the appellant's negligence. The parties * * * agreed to settle * * *; the appellant agreeing to pay the appellee in cash $100, and to give him steady and permanent employment * * *. In consideration of the premises the appellee agreed to execute to the appellant a written release * * *." Thus, the Court held that the release of an employer from a claim for personal injury is sufficient consideration to support a contract for a permanent employee.

Plaintiff cites H. S. Kerbaugh, Inc. v. Gray, 2 Cir., 212 F. 716, and Carnig v. Carr, 167 Mass. 544, 46 N.E. 117, 35 L. R.A. 512, neither of which is of any benefit to him. Kerbaugh was an action to recover a bonus offered by the employer which, being in addition to his regular wages, the Court held was a sufficient consideration. In the Carr case the plaintiff agreed to give up his business in addition to rendering personal services for the defendant, which the Court held was sufficient consideration to support a contract of permanent employment.

As to Count II, plaintiff states, "The sole issue raised by the Court's ruling is, whether a person, acting as an agent, can conspire with his principal to interfere with a contract to which the

principal is a party." As previously noted, it is alleged that the conspiracy was between defendant, a corporation, and Dr. J. C. Fleischer, its agent, acting within the scope of his employment. Many cases hold that a corporation cannot be liable for a conspiracy with one of its own employees. See May v. Santa Fe Transportation Co., 189 Kan. 419, 370 P.2d 390; Johnny Maddox Motor Co. v. Ford Motor Co., D.C., 202 F.Supp. 103, and The Greyhound Corp. v. Commercial Casualty Ins. Co., 259 App.Div. 317, 19 N.Y.S.2d 239. The reasoning is that a corporation can only act and speak through an agent, and the effect of charging a conspiracy between the two is to charge a conspiracy by a single party.

Among the cases cited by plaintiff is Karges Furniture Co. v. Amalgamated Woodworkers' Local Union No. 131 et al., 165 Ind. 421, 75 N.E. 877, 878, 2 L.R.A.,N.S., 788, wherein the Court stated, "A conspiracy is defined to be 'a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means.'" As we have already shown, the instant contract was terminable at will. Thus, the alleged conspiracy was to do that which defendant had a legal right to do. Certainly it was not to accomplish a criminal or unlawful purpose or to accomplish such purpose by criminal or unlawful means. We conclude that Count II as a matter of law failed to state a cause of action and that defendant's motion for summary judgment was properly allowed.

Count III is based upon an alleged negligent examination and report as to plaintiff's physical condition which resulted in his discharge by defendant. Plaintiff invokes the theory of respondeat superior in support of his contention that defendant was liable for the alleged negligence of its doctor. It is true that under this doctrine the liability of an agent may be imputed to his principal; however, the question of liability and breach of duty must first be resolved.

As we have already shown, defendant was free to terminate plaintiff's employment at will and owed no duty to plaintiff with regard to its continuation. Its agent, acting on its behalf, owed no greater duty to plaintiff and hence breached no duty in that respect. In any event, defendant in discharging plaintiff did nothing more than it had a right to do under the terms and conditions of his employment.

The judgment appealed from is Affirmed.