GOVERNOR EDGAR D. WHITCOMB, ET AL. *v.* ESTHER JEAN YOUNG, ET AL.

[No. 1171S342. Filed March 7, 1972.]

*Theodore L. Sendak,* Attorney General, *Edward W. Johnson,* Deputy Attorney General and *Paul G. Roland,* of Indianapolis, for appellant Thurman M. DeMoss only.

*Buena Chaney, Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, *John R. Price,* of Carmel, *Frank E. Spencer,* of Indianapolis, for appellees.

PER CURIAM:—This is an appeal from a summary judgment of the Marion Circuit Court in favor of Plaintiffs-Appellees upon their "Complaint for Declaratory Judgment."

The Complaint is against the Members of the Indiana State Election Board and alleges, in part:

"3. That Defendants will shortly prepare for the election of State Officials in the 1972 election; that the voters of Indiana on November 3, 1970 adopted an Amendment to Article 6, § 1 of the Indiana Constitution fixing the terms of the offices of Secretary of State, Auditor of State, and Treasurer of State at four years; that said Amendment did

not set out a date at which it would become effective; that therefore doubt has arisen regarding the date of election of these State Officials; that the effective date of the Amendment to Article 6, § 1, of the Indiana Constitution should be construed and declared in order that the citizens may have the opportunity to prepare for the selection of candidates and the election of these State Officials, if necessary in 1972."

Also the prayer of said Complaint was:

"Wherefore, Plaintiffs pray that this Honorable Court make a declaration and determination of their rights under the Laws of the State of Indiana and that the judgment or decree herein contain a declaration of the effective date of the 1970 Amendment to Article 6, § 1 of the Constitution of the State of Indiana, and that said four year terms created by said Amendment apply to those persons elected as Secretary of State, Auditor of State, and Treasurer of State in the November, 1972 Election."

The Amendment to Article 6, § 1 of the Constitution of the State of Indiana, as ratified by the electorate on November 3, 1970 reads simply:

"There shall be elected, by the voters of the state, a Secretary, an Auditor and a Treasurer of State, who shall, severally, hold their offices for *four* years. They shall perform such duties as may be enjoined by law; and no person shall be eligible to either of said offices, more than *eight* years in any period of *twelve* years." (Our emphasis)

A comparison of the above Amendment with the former Article 6, § 1 of the Constitution of the State of Indiana reveals that the only obvious change is in the emphasized words, "four," "eight" and "twelve," which previously read "two," "four" and "six."

Both the Appellees and the Appellants filed Motions for Summary Judgment on the pleadings, exhibits thereto and "Stipulation of Facts," and on June 10, 1971 the Marion Circuit Court entered the following:

## "SUMMARY JUDGMENT

Come now the Plaintiffs Esther Jean Young and Arthur Rhea, on behalf of themselves and all other citizens of the State of Indiana, by their attorneys Buena Chaney and John R. Price and file Motion for Summary Judgment, which motion is in the following words and figures to wit: (H. I.) and come now the Defendants Edgar D. Whitcomb, Thurman M. DeMoss, and Karl J. Stipher as members of the Indiana State Election Board by their attorney of record Theodore L. Sendak, the Attorney General of the State of Indiana, and having been served with Plaintiffs' Motion for Summary Judgment file Counter Motion for Summary Judgment, which motion is in the following words and figures; (H. I.), and

"Come now the parties and file their Waiver of 10 day notice under Trial Rule 56 (C) in the words and figures as follows, to wit: (H. I.).

"The Court now examines the Plaintiffs' complaint and the exhibits attached thereto and Defendants' answer to said complaint and the motions and counter-motions for Summary Judgment. The Court now takes judicial knowledge of the adoption of Senate Joint Resolution No. 7 by the 1967 Indiana General Assembly, the adoption of House Joint Resolution No. 11 by the 1969 Indiana General Assembly and the adoption by the voters of Indiana on November 3, 1970 of the Amendment to Article 6, Section 1 of the Constitution of the State of Indiana; of the Rules of the House of Representatives of the General Assembly of the State of Indiana; of the Rules of the Senate of the General Assembly of the State of Indiana; and the Court further takes notice of the allegations of the Plaintiffs' complaint and the stipulation of the parties, (H. I.) ; and the Court now considering Plaintiffs' Motion for Summary Judgment, and Defendants' Counter-Motion for Summary Judgment, now finds that the Court has jurisdiction over the subject matter of this cause of action and of all the parties, and that this matter is properly and fully before the Court.

"The Court being duly advised and having considered all of the pleadings, motions, exhibits, facts and evidence herein, now finds that the General Assembly of the State of Indiana duly and lawfully adopted Senate Joint Resolution No. 7 in 1967 and House Joint Resolution No. 11 in 1969; that the voters of the State of Indiana duly and lawfully adopted the Amendment to Article 6, Section 1 on November 3, 1970; that said Amendment did not contain a date upon which it would become effective; that the Attorney

General of Indiana in Official Opinion No. 37 issued on December 16, 1970 distinguished the case at bar from *Kirkpatrick v. King* (1950), 228 Ind. 236, 91 N. E. (2d) 785 by noting that there were present in the *Kirkpatrick* Case factors which are not present in this question; that the Attorney General further noted in Opinion No. 37 that Legislative intent would be controlling and that the question of an effective date should be resolved by the Indiana General Assembly and the Courts; that subsequent to this Opinion, the 1971 Session of the Indiana General Assembly took no action thereon; that one of the two original sponsors of Senate Joint Resolution No. 7 has sworn to his belief as its sponsor that the terms of the three officials in question should coincide with the Governor; that the Indiana House of Representatives in 1967 clearly indicated its intent as to what would *not* be the effective date by its defeat of Representative Burton's Motion to set such date at the election of 1970; that by its refusal to adopt said Motion, the Indiana General Assembly indicated its intention that, if adopted in 1970 the Amendment would provide four year terms for those officials elected at the next subsequent election, that is, 1972; AND THEREFORE IT IS ORDERED AND ADJUDGED that those persons now holding office as Secretary of State, Auditor of State, and Treasurer of State were elected by the voters of this State to two year terms and that their offices are subject to election in the next regular election, that is 1972; that the Defendants are ordered to cause the offices of Secretary of State, Auditor of State, and Treasurer of State to appear on the ballot in the General Election of 1972; that those officials elected at said election to said positions shall, pursuant to the Amendment to Article 6, Section 1, adopted by the voters on November 3, 1970, serve four year terms, as shall their successors; and Summary Judgment be and is ordered for the Plaintiffs, and against Defendants."

Although the Complaint expressly requested,

"* * * that the judgment or decree herein contain a declaration of the effective date of the 1970 Amendment to Article 6, § 1 of the Constitution of the State of Indiana * * *",

at no place in its "Summary Judgment" entry did the Marion Circuit Court make any such declaration; instead, it failed to find specifically the "effective date" of said Amendment but did hold expressly, in the election of the Secretary of State,

Auditor of State, and Treasurer of State who were elected in the election of 1970, that said officials:

"* * * were elected by the voters of this State to two year terms and that their offices are subject to election in the next regular election, that is 1972; * * *"

On August 6, 1971, a "Motion to Correct Errors" was filed alleging that:

"(1) The Court erred in granting Summary Judgment in favor of the Plaintiffs and against the Defendants for the following reasons:
"(a) The decision as to the effective date of the constitutional amendment is contrary to the intent of the legislature; and,
"(b) The decision as to the effective date of the constitutional amendment is contrary to Indiana Law."

This was supported by a Memorandum of the same date and said "Motion to Correct Errors" was overruled on September 22, 1971. Praecipe for Record of Proceedings was filed on September 24, 1971. This Court granted the Petition to Advance in order that the real issues may be resolved as expeditiously as possible, in view of the necessity for an early opinion.

*First.* It is of primary importance to start the resolution of the issues by noting that both parties stipulated that the Amendment to Article 6, § 1 does not include a date at which it will become effective. Thus, an immediate presumption arises that such Amendment was effective at 6:00 P.M. (when the polls closed) on November 3, 1970. This has previously been adjudicated by this Court in the case of *Kirkpatrick* v. *King* (1950), 228 Ind. 236, 91 N. E. (2d) 785. In that case, Kirkpatrick (the Appellant) was elected Sheriff of Hancock County at the same time as the ratification of the Amendment to Article 6, § 11 was adopted, which Amendment read:

*Article 6, Section 11.*

"Notwithstanding any other provision hereof, the sheriff of each county shall be elected in the general election held

in the year 1950 and each four years thereafter. The term of office of each such sheriff shall be four years beginning upon the first day of January next following his election and no person shall be eligible to such office more than eight years in any period of twelve years: Provided, however, that any elected sheriff who shall hold said office on December 31, 1950, and who shall have been elected to said office for a period of less than two consecutive years immediately preceding, shall continue in said office for the four year term commencing January 1, 1951."

Appellant Kirkpatrick erroneously claimed the right to hold such office for an additional four year term commencing January 1, 1951. However, Judge Emmert, speaking for this Court concerning the effective date of that Amendment, stated:

"This was adopted at the time of the general election in 1948, and became effective upon the closing of the polls at 6 o'clock P.M., November 2, 1948. Indiana Constitution, Art. 16 § 1. *In Re Todd* (1935), 208 Ind. 168, 193 N. E. 865; *Kimberlin* v. *State ex rel. Tow* (1892), 130 Ind. 120, 29 N. E. 773, 14 L. R. A. 858, 30 Am. St. 208; *Town of Louisville* v. *Savings Bank* (1881), 104 U.S. 469, 1 S. Ct. 75, 26 L. Ed. 775.

"In construing a constitutional provision, many of the well established rules for statutory construction apply. *In Re Todd* (1935), 208 Ind. 168, 193 N. E. 865, *supra;* 12 C. J., § 42, p. 699; 16 C. J. S., § 15, p. 51; 11 Am. Jur. § 49, p. 658; *State ex rel. Atty. General* v. *Bryan et al.* (1905), 50 Fla. 293, 39 So. 929. The primary object in construction is to ascertain the 'common understanding' as to the meaning of any provision entertained by 'both those who framed and those who ratified' it. *Bishop* v. *State ex rel. Griner* (1898), 149 Ind. 223, 230, 48 N. E. 1038, 39 L. R. A. 278, 63 Am. St. 279. If there be any doubt concerning any constitutional provision, 'The court should also look to the nature and objects of the particular powers, duties, and rights in question, with all the light and aids of contemporary history, and give to the words of each provision just such operation and force, consistent with their legitimate meaning, as will fairly secure the end proposed. *Kendall* v. *The U. S.* 12 Pet. 524; *Prigg* v. *The Commonwealth*, 16 Pet. 539.' *State* v. *Gibson* (1871), 36 Ind. 389, 391, 392. See also *Kelso* v. *Cook* (1916), 184 Ind. 173, 110 N. E. 987; *I Cooley's Constitutional Limitations* 141 (8th Ed.).

"It is conceded by the parties to this appeal that before the adoption of the Amendment, in at least eleven counties the sheriffs, who were elected in the general election in 1948, did not begin their terms until January 1, 1950. The official Roster of State and Local Officials State of Indiana for 1948 discloses that in fourteen counties sheriffs did not begin their terms until January 1, 1950, and in Jefferson County the sheriff began a new term on November 15, 1948. We must presume that the General Assembly, and the voters who ratified the amendment, were aware of this situation, and it was their expressed intention not only to change the term of the office of sheriff from two years to four years, but also to establish a definite uniform cycle for the beginning and ending of all such terms throughout the state." 228 Ind. at 243.

This Court continued by stating:

"Moreover, the appellant *was not elected sheriff prior to the adoption of the constitutional amendment.* In contemplation of law he was elected at 6 o'clock P.M. at the time the polls closed. *Kimberlin* v. *State ex rel. Tow* (1892), 130 Ind. 120, 29 N. E. 773, 14 L. R. A. 858, 30 Am. St. 208, *supra.* But the amendment was adopted at the same time, and his rights as a public officer were limited by the superior force of the constitution *effective at the time of his election."* 228 Ind. at 245. (Emphasis supplied)

Thus, the Secretary of State, Auditor of State and Treasurer of State elected in the election of November 3, 1970 were *not,* as contended by Appellees, "already elected at the time the Amendment became a part of the Constitution," for said elections and ratification were "at the same time."

Further, in the instant case, it would appear that Appellees, by their Complaint, were contending in the trial court (as to the Amendment now in question) "* * * that the effective date of the Amendment not be in 1970 * * *." However, in this Court said Appellees have changed their contention and now agree with Appellants that the effective date is November 3, 1970 at 6:00 P.M., for Appellees expressly state:

"The Amendment became a part of the Constitution of the State of Indiana when voting closed on that day, * * *."

Thus, the issue is narrowed as to whether said Amendment is effective as to said officials who were elected at the same time as the Amendment became effective.

*Second.* What is the purpose of an effective date? Simply to ask that question results in the obvious answer that it is the date and time at which the "Amendment" becomes operative. Having previously established that the effective date of the Amendment to Article 6, § 1 was at 6:00 P.M. on November 3, 1970, the presumption of its becoming operative at the same time is so strong as to require positive, irrefutable proof that it was meant to become operative at some other future time. The members of the General Assembly are presumed to know the holding of this Court in the *Kirkpatrick* case, *supra,* and of the necessity to take affirmative action to establish a date other than the immediate effective date of the "Amendment" if it is intended for the same to become operative at some other time. *Kirkpatrick* v. *King, supra.*

The trial court has attempted to distinguish the case at bar from the *Kirkpatrick* case by stating merely that there were present in that case factors not present here. We do not agree that such factors are in any way determinative of the issues. Even without *Kirkpatrick,* however, the same conclusion must be had. It cannot be overlooked that at the 95th Regular Session of the General Assembly, the session at which the amendment in question was proposed, agreed to and referred, the General Assembly also proposed, agreed to and referred amendments to the Judicial Article of our State Constitution. The proposed judicial amendments specifically provided for a deferred effective date of adoption. It seems highly improbable that if the General Assembly had intended a similar deferment for the amendment in question it would have failed to so provide, because its awareness of its necessity is thus very evident, and the conclusion is inescapable that its intent was

for the amendment to become operative at the earliest possible time. Having previously concluded that in the construction of constitutional provisions many of the well established rules for statutory construction apply, it is appropriate to consider how the effective dates of statutes are determined.

> "A statute takes effect from the date of its passage unless the time is fixed by constitution or statutory provision, or is fixed within the statute itself. The date of passage is the date of the completion of the last act necessary to fulfill the constitutional requirements and to give the bill the force and effect of law.* * *." (Sutherland, Statutory Construction, Third Edition, Horrack, § 1604 and cases there cited.)

There being no provision to the contrary in our Constitution, it follows that amendments thereto become effective and operative upon completion of the last act necessary to fulfill the constitutional requirements—in this case ratification by the voters, which was completed with the closing of the polls on November 3, 1970.

It should also be noted that Article 5 of the Constitution of the United States, in effect at the same time the Constitution was adopted, provides that amendments thereto

> "* * * shall be valid to all intents and purposes, as part of this constitution, when ratified * * *." (Emphasis ours)

Such ratification is the last act necessary in the amendment process prescribed. As further evidence that amendments to our State Constitution become effective when ratified, unless otherwise provided by the amendment, it should be observed that the operative date of that constitution was itself deferred by the inclusion therein of such a provision, thus recognizing that its framers well understood that such was necessary if the effective date of adoption was to be deferred beyond its actual date of adoption. (Schedule, Constitution of Indiana).

*Third.* It should be noted that the June 10, 1971 entry by the Marion Circuit Court was upon Plaintiffs' Motion for Sum-

mary Judgment and that the stated basis for said "Summary Judgment" was the "pleadings, motions, exhibits, facts and evidence herein"; that said "Amendment" did not contain a date upon which it will become effective; that the legislative intent would be controlling and that the resolution of the effective date should be by the Indiana General Assembly and the Courts.

Although it may be contended that such stated basis (pleadings, motions, exhibits, facts and evidence herein) is all uncontroverted and therefore, all being in support of the Appellees' position, that a Motion for Summary Judgment could only be entered for the Appellees. This was obviously the argument of the Appellees. However, in line with Federal decisions interpreting the Federal rule on "Summary Judgments" from which the Indiana rule is substantially drawn, it has been held in this State that cross-motions for "Summary Judgment" do not in themselves establish the absence of a genuine issue of material fact; that in such case there is no genuine issue only for the purposes of the party's own motion.

In 3 Barron & Holtzoff, Federal Practice and Procedure, § 1239 pp. 176-177, it is stated that:

> "The fact that both parties have moved for summary judgment does not establish that there is no issue of fact, a party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted. Thus, both motions should be denied if the court finds that there is actually a genuine issue as to a material fact. If both parties move for summary judgment, each concedes and affirms that there is no issue of fact only for purposes of his own motion. The legal theories a party advances in support of his motion, and his general assertions that there is no issue of material fact, are only for purposes of his own motion and may not be used against him to grant his opponent's motion." This has been followed in the cases of: *Fischer* v. *Kaylor* (1969), 145 Ind. App. 148, 250 N. E. 2d 19 and *Kochert et al.* v. *Wiseman, et al.*, 148 Ind. App. 814, 269 N. E. 2d 12.

*Fourth.* Since we are dealing with a constitutional amendment, it would be well to observe that it is the vote of the electorate which establishes or fails to establish the amendment's creation. But such electorate is expressing either satisfaction or dissatisfaction with a legislative proposal which the Legislature is powerless to adopt as a law. However, the electorate is voting either to affirm or deny the legislative intent and in this sense the courts should use the same rules of construction in interpreting a constitutional amendment as is used in construing a statute. *In re Todd* (1935), 208 Ind. 168, 190; 193 N. E. 865.

One such rule is that extrinsic evidence which attempts to establish legislative intent, can be used only in the case of an enactment or amendment to a constitution which is ambiguous on its face. On the other hand, when a statute or amendment to a constitution is clear, then no extrinsic evidence may be admitted as to legislative intent. *26 I. L. E. Statutes* §§ 101-130; *Sutherland, Statutory Construction,* § 4702.

Here, however, the constitutional amendment is not ambiguous as to its effective date, and each party hereto admits that its effective date was at 6:00 P.M. on November 3, 1970. The erroneous use of extrinsic evidence in this situation would foster ambiguity where none exists.

Moreover, the suggestion by Appellees' Complaint that the said Amendment "be effective with the next Gubernatorial Election in order that these State Officials serve concurrent terms" would constitute the Court supplying an explicit operative date which it cannot do, since it cannot supply omissions or remedy defects under the guise of construction; to do so would be to legislate in the clearest manner. *26 I. L. E., Statutes* § 102.

*Fifth.* While this Court holds that the effective date of the Amendment to Article 6, Section 1 of the Indiana Constitution

was at 6:00 P.M. on November 3, 1970, it should be noted how insubstantial the nature of the erroneously admitted extrinsic evidence is, although relied upon by the trial court.

a. 1970 O.A.G. No. 37 correctly states:

"There is an Indiana Supreme Court case *in point* which indicates the effective date of the latter two amendments would be when the polls close on election day. That case says in part:

'A constitutional amendment which was ratified by a majority of the electors at the general election in 1948, became effective upon the closing of the polls at 6:00 P.M., November 2, 1948.' *Kirkpatrick* v. *King* (1950), 228 Ind. 236, 91 N. E. (2d) 785.

"Therefore, following that precedent the two amendments in question (that is, the legislative amendment and the amendment affecting terms of office for Treasurer, Auditor and Secretary of State) *became effective at 6:00 P.M. on November 3, 1970.*

"In regard to your second question of the *Kirkpatrick* case, *supra,* also indicates an answer as to the length of terms of office of those officials elected simultaneously with an amendment changing the term of that office.

"The *Kirkpatrick* case *holds that those officials elected simultaneously with the constitutional amendment have the term of office limited by the amendment.* Therefore, if one follows that line of thought, the three state officers elected in November, 1970, should now serve for a four year term of office." (Our emphasis)

Having taken such a positive and judicially supported stand, the Attorney General's Opinion then backwaters and attempts to state upon what basis a contra position could be argued. His Opinion then concludes:

"The effective date of the legislative amendment and the Treasurer-Auditor-Secretary of State amendment, would seem to be at the close of the polls on November 3, 1970.

"The uncertainty as to legislative intent with reference to the initial terms of office of the Treasurer, Auditor, and Secretary of State would indicate that the matter should be resolved by the Indiana General Assembly and the Courts."

b. The lower court stated:

"That subsequent to this Opinion, (by the Attorney General) the 1971 Session of the Indiana General Assembly took no action thereon;"

This statement by the trial court presupposes that the 1971 Session of the General Assembly could have done something; however, the Amendment to Article 6, § 1 of the Constitution (ratified Nov. 3, 1970) could only be changed by another amendment thereto, which timewise would be an impossibility under the constitutional provision as to the manner of adopting amendments thereto.

Indiana Constitution

Art. 16 Sec. 1

Had the 1971 Session of the General Assembly initiated another amendment, it could not have been submitted to the electorate for ratification until November of 1974, even if the 1973 Session of the General Assembly had agreed to the first proposal. However, the question presented to the trial court required of necessity that an immediate determination be made as to whether the Secretary of State, Auditor of State and Treasurer of State must stand for election in the general election of 1972.

c. The lower court further stated:

"That one of the two original sponsors of Senate Joint Resolution No. 7 has sworn to *his belief* as its sponsor that the terms of the three officials in question should coincide with the Governor;" (Our emphasis)

It is interesting to note, although the question presented was deemed by Appellees to be of sufficient importance to require a Court decision, that the affidavit of only one Senator was utilized and it merely stated that it was *his* "belief" that the Secretary of State, Auditor of State and Treasurer of State "should not only have four year terms but also that those

terms should run concurrently with the Governor, Lieutenant-Governor and Attorney General."

Even were we to assume that any particular Senator and Representative was duly possessed with authority to speak for all members of the General Assembly, this Court cannot sit in judgment upon the motives of the Legislature when such are not clearly expressed in the body of the Enactment or Amendment to the Constitution itself. *Parker, Clerk, et al.* v. *State ex rel., Powell* (1892), 132 Ind. 419; *Cooley Constitutional Limitations,* Section 222.

d. The trial court's Summary Judgment also refers to the fact "that the Indiana House of Representatives in 1967 clearly indicated its intent as to what would *not* be the effective date by its defeat of Representative Burton's motion to set such date at the election of 1970;" however, the motion referred to was as follows:

"The terms of office provided by this Act shall commence with the terms of offices of the respective officers that commenced in 1970."

Although this motion was defeated, such action by only the House of Representatives can be explained upon several different bases, among which is that the effective date of the "Amendment" was already determined as of 6:00 P.M., November 3, 1970 (in accord with the *Kirkpatrick* case, *supra*), so that said motion was unnecessary. However, here again this Court cannot speculate as to the particular motives to which actions of the General Assembly may be attributed.

The fallacy of Appellees' position upon this point becomes even more apparent when we consider that although the incumbent Secretary of State, Auditor and Treasurer were all elected in 1970, the terms of all did not begin in that year. Therefore, had the Burton motion carried and been incorporated into the amendment, the tenure of the incumbents in the offices of Secretary of State and Auditor would be obvious, but we would, nevertheless, face the same issue with respect to the Treasurer, whose term did not commence until 1971.

Under such circumstances, the deferment would be applicable to the Secretary and Auditor but not to the Treasurer. This result would not square with Appellees' theory of legislative intent to coordinate the terms of these officers with that of the Governor and other state officials, for obviously they cannot so coincide if they do not coincide with each other. Although we wholly reject Appellees' suggestion that we speculate as to the motives of the General Assembly, this would have been a sufficient reason for rejection of the Burton motion.

e. Although the "Summary Judgment" does not specifically mention Exhibit D of the Complaint, it may be noted in passing that such is the Biennial Report to the Indiana General Assembly for 1969 by the Constitutional Revision Commission and Exhibit E is the July, 1970 Legislative Ledger. Each of these documents is inadmissible to prove legislative intent, and said Exhibit E even suggests the possibility of electing the Secretary of State, Auditor of State and Treasurer of State and all state and local officials on the "off-year" so that their election would not be subject to influence by the election of a President of the United States at the time of a national election.

## CONCLUSION

As heretofore stated, in the instant case, the effect of attempting to determine legislative intent by resorting to various items of extrinsic evidence is to create uncertainty where none exists.

This Court holds that the Amendment to Article 6, § 1 of the Indiana Constitution, ratified as of 6:00 P.M. on November 3, 1970, was both effective and operative from and after said time and date.

The persons elected to the offices of Secretary, Auditor and Treasurer of State at the general election held November 3, 1970 were each elected for terms of four years, and said offices will next be subject to election at the general election to be held in the year 1974.

The decision of the lower court is hereby reversed and said court is directed to strike the entry of "Summary Judgment" entered June 10, 1971 and to enter "Summary Judgment" for the Appellants herein in accord with the provisions contained within the "Conclusion" of this Opinion.

Reversed and remanded with instructions.

NOTE.—Reported in 279 N. E. 2d 566.