BENJAMIN SHAW *v.* S. S. KRESGE COMPANY.

[No. 3-174A3. Filed June 5, 1975. Rehearing denied July 15, 1975. Transfer dismissed March 16, 1979.]

*Donald D. Doxsee*, of Fort Wayne, for appellant.

*J. A. Bruggeman, John M. Clifton, Jr., Barrett, Barrett &
McNagny*, of Fort Wayne, for appellee.

HOFFMAN, J.—On October 19, 1972, plaintiff-appellant Benjamin Shaw filed an amended complaint wherein it was alleged, among other things, that Shaw had been wrongfully discharged from his employment with defendant-appellee S. S. Kresge Company (Kresge). Shaw sought damages totalling $47,746, for an alleged breach of his employment contract.

Both Shaw and Kresge filed motions for summary judgment and, on July 31, 1973, the trial court denied Shaw's motion, granted Kresge's motion and entered judgment in favor of Kresge. A motion to correct errors filed by appellant-Shaw was subsequently overruled and the present appeal was perfected.

The primary issue to be considered on review is whether the trial court erred in granting summary judgment in favor of Kresge.

As noted above, both parties filed motions for summary judgment. Only that of appellant, however, was supported by affidavit. It should be pointed out that "cross-motions for 'Summary Judgment,' do not in themselves establish the absence of a genuine issue of material fact; that in such case there is no genuine issue only for the purposes of the party's own motion." *Whitcomb et al.* v. *Young et al.* (1972), 258 Ind. 127, at 137, 279 N.E.2d 566, at 573; *Ebert* v. *Grain Dealers Mutual Insurance Company* (1973), 158 Ind. App. 379, 303 N.E.2d 693; *Kochert* v. *Wiseman* (1971), 148 Ind. App. 613, 269 N.E.2d 12 (transfer denied); *Fischer* v. *Kaylor* (1969), 145 Ind. App. 148, 250 N.E.2d 19. Summary judgment is proper only where there is no genuine issue of material fact, and where a party is entitled to judgment as a matter of law. *North Miami Con. S. D.* v. *State ex rel. Manchester C. S.* (1973), 260 Ind. 17, 300 N.E.2d 59; *Central Realty, Inc.* v. *Hillman's Equip., Inc.* (1969), 253 Ind. 48, 246 N.E.2d 383; *Ross* v. *Farmers Insurance Exchange* (1971), 150 Ind. App. 428, 277 N.E.2d 29 (transfer denied); *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688 (transfer denied). The burden is on the moving party to demonstrate that no material issue of fact exists and all doubt must be resolved against the proponent of the motion and in favor of the party against whom the motion is directed. *Tapp* v. *Haskins* (1974), 160 Ind. App. 117, 310 N.E.2d 288 (transfer denied); *Mutual Hospital Insurance, Inc.* v. *Klapper* (1972), 153 Ind. App. 555, 288 N.E.2d 279 (transfer denied); *Wozniczka* v. *McKean et al.* (1969), 144 Ind. App. 471, 247 N.E.2d 215 (transfer denied). The question thus becomes one of whether, assuming the truth of all facts alleged by Shaw, Kresge is entitled to judgment as a matter of law. See: *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

In his amended complaint, Shaw alleged that "on or about September 14, 1966, the plaintiff entered into a contract of employment with the defendant S. S. Kresge Company at the Fort Wayne Distribution Center in Fort Wayne, Indiana" and "[t]hat as a part of said contract of employment, the defendant published a handbook which set out the conditions of employment which the plaintiff and defendant agreed to follow . . . ." The handbook which was incorporated by reference into Shaw's complaint provided, in part, as follows:

"Warning Slips

"Management and the Advisory Committee have agreed on the use of the warning slip as a disciplinary measure. "Smoking in restricted areas, theft and drunkenness are major offenses. The offender is subject to immediate discharge. Lesser offenses make the offender subject to a warning issued by his foreman or supervisor.

"*A total of three warnings, of any type, within a twelve-month period, brings the individual's case before the Advisory Committee. The offender can come before the committee to state his case if he so wishes. Management, in consultation with the Advisory Committee, will determine disposition.*

"During the first six months a man is on the seniority list, if his work and adherence to regulations is not of a satisfactory nature, he will receive a warning slip and be subject to discharge unless improvement is shown. During his second six-month period, he will be allowed a second warning. If he still does not improve his work after that, he is subject to dismissal." (Emphasis supplied.)

Shaw further alleged that "he was discharged on or about the 10th day of October, 1969, for alleged absenteeism and tardiness", and that "prior to said discharge, he did not receive the required three warning slips" or "a hearing before the Advisory Committee."

In its answer, Kresge stated that "it employed the plaintiff on September 14, 1966, and at this time furnished him with a handbook which set forth certain terms and conditions of his employment with the defendant." Kresge further stated

that the plaintiff was discharged "for chronic absenteeism and tardiness", but denied that it was required to issue three warning slips prior to discharging him.

The statements made by Shaw in an affidavit in support of his motion for summary judgment were substantially the same as the allegations made in his complaint. In such affidavit, Shaw reiterated that the handbook constituted a part of the contract of employment and further stated that he agreed to the terms of employment as set forth in the handbook "by accepting said employment and by remaining in said employment."

The judgment of the trial court granting Kresge's motion for summary judgment and denying Shaw's motion reads as follows:

"BE IT REMEMBERED that heretofore to-wit: On the 31st day of July, 1973, The Court having heretofore taken under advisement the ruling upon the motions for summary judgment filed by both the Plaintiff and the Defendant, and having examined the pleadings, responses to requests for production of documents of both Plaintiff and Defendant, the Defendant's request for admissions, together with affidavits filed in support of any of said documents, now finds against the Plaintiff upon Plaintiff's motion for summary judgment and denies the relief sought by Plaintiff therein. The Court finds for the Defendant upon the Defendant's motion for summary judgment and further finds that there is no genuine issue as to any material fact which would permit the Plaintiff to recover from the Defendant and that the Defendant is entitled to judgment as a matter of law. That as between the Plaintiff and the Defendant there was no executed contract of employment; that there was no tenure of employment provided between the Plaintiff and the Defendant; that the 'handbook for S. S. Kresge Company, Fort Wayne Distribution Center, 1968 Edition', which is identified as Exhibit A to Plaintiff's first amended complaint, does not establish a contractual relationship between the Plaintiff and the Defendant upon which the Plaintiff can rely in this cause and would constitute at most an employment arrangement between the Plaintiff and the Defendant at will or at sufferance. ***."

Appellant contends that the trial court erred in concluding that the handbook did not constitute a contract of employment.

An examination of the handbook reveals, in addition to the provision relating to the issuance of warnings, that an employee may be discharged upon a number of grounds including tampering with another employee's automobile on the company parking lot; making a false statement relating to illness; habitual tardiness; punching a time card for another employee or permitting someone else to punch one's own time card; absence for three days without reporting as directed; a "[l]aying off or a goldbricking attitude"; deliberate hindering or tampering with the store orders or work procedures; smoking in restricted areas, theft or drunkenness; arriving on the job in a condition which threatens the safety of an employee's operation or that of his fellow employees; and failure to lift a garnishment within thirty days or permitting two garnishments within a twelve month period. Appellant further argues that an implied promise of permanent employment was made by appellee-Kresge, founded upon an implication that the employer bound itself to a promise of permanent employment in the absence of a violation of one of the foregoing rules. In support of this further assertion, appellant makes note of another provision in the handbook which draws a distinction between "temporary employees" and "full-time employees." Temporary employees are referred to as persons "working for an indeterminate length of time." Appellant thus concludes that temporary employees are retained at will or sufferance and that full-time employees, including himself, are not.

In *Rogers* v. *Rogers* (1919), 70 Ind. App. 659, at 668-669, 122 N.E. 778, at 780-781, it is stated that,

> "The relation of employer and employe is contractual. Like every other contractual relation, it is the product of a meeting of the minds. *Western Union Tel. Co.* v. Northcutt (1909), 158 Ala, 539, 48 South 553, 132 Am. St. 38; 18 R.C.L. 490. To create the

relation of employer and employe there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. 18 R.C.L. 493. It is essential to the existence of every contract of employment that it be definite and certain as to parties. *Parsons* v. *Trask* (1856), 7 Gray (Mass.) 473, 66 Am. Dec. 502."

In the case at bar, there is no question that the employee had rendered services over a period of approximately three years; and that the employer would be bound to compensate him for such services so far as they had been rendered and received. Even assuming, *arguendo*, that the handbook relied upon by appellant constituted a part of the contract, in the absence of a promise on the part of the employer that the employment should continue for a period of time that is either definite or capable of determination, the employment relationship is terminable at the will of the employer. See: *Pearson* v. *Youngstown Sheet and Tube Co.* (7th Cir. 1964), 332 F.2d 439. There being no binding promise on the part of the employee that he would continue in the employment, it must also be regarded as terminable at his discretion as well. For want of mutuality of obligation or consideration, such a contract would be unenforcible in respect of that which remains executory. See: 1A Corbin, Contracts, § 152 (1963). See also: 1 Corbin, Contracts, § 96 (1963) ; 3A Corbin, Contracts, § 683 (1960).

Finding no promise of employment for an ascertainable period within the terms of the alleged contract, we do not reach the question of whether an enforcible unilateral contract might result from such a promise on the part of the employer taken together with the rendering of services or reliance under 1 Restatement of the Law of Contracts, § 90 (1932), on the part of the employee. See: 1A Corbin, Contracts, § 152, at 14 (1963) ; 9 Williston on Contracts, § 1017 (3d Ed. 1967).

In the case at bar, however, there existed no enforcible executory contract regarding the employment of appellant-

Shaw, and the trial court was correct in entering summary judgment in favor of Kresge.

Appellant also contends that the trial court erroneously considered matters contained in Kresge's request for admissions in ruling upon Kresge's motion for summary judgment.

Appellant asserts that he had not responded to Kresge's request for admissions and that the time for such response had not expired. It is further asserted that no admissions were, therefore, subject to consideration by the trial court in ruling on a motion for summary judgment.

Kresge's request for admissions was filed on July 11, 1973. As of July 31, 1973, when the trial court entered summary judgment in favor of Kresge, Shaw had made no response. Ind. Rules of Procedure, Trial Rule 36(A), provides, in part, as follows:

"The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

Kresge's request designated no period within which Shaw must respond and the trial court fixed no time for Shaw's response. In *Trabon Engineering Corp.* v. *Eaton Manufacturing Co.* (N. D. Ohio, E. D., 1964), 37 F.R.D. 51, the court held that when no time limit was requested within which the defendant was to answer or object to the request for admissions, a reasonable time will be allowed.[1] By reason of the fact that the minimum time

---

1. *Trabon Engineering Corp.* v. *Eaton Manufacturing Co.* (N.D. Ohio, E. D. 1964), 37 F.R.D. 51, dealt with Fed. Rules of Civ. Proc. 36, which at that time was identical, other than the minimum time provided for response (10 days rather than 30 days) to Ind. Rules of Procedure, Trial Rule 36. The Federal rule has since been amended to delete the requirement that the party serving the request for admissions designate the period within which response is to be made.

for response provided under Rule TR. 36 (A.), *supra*, had not expired and since Kresge had not requested the trial court to permit a shorter time, it must be presumed that a reasonable time had not elapsed. Shaw's failure to respond to Kresge's request for admissions cannot, therefore, be deemed an admission of the matters contained in the request.

Although the trial court could not properly have considered matters contained in the request for admissions in making its ruling, the entry of summary judgment in favor of Kresge is sustainable without regard thereto; and we conclude that the trial court's possible consideration of the requests for admissions does not, in this instance, constitute reversible error.

Finding no reversible error, the judgment of the trial court is, therefore, affirmed.

Affirmed.

Staton, P.J., concurs; Garrard, J., concurs with opinion.

## CONCURRING OPINION

GARRARD, J.,—I agree that the employment of Shaw constituted a contract at will. *Davis* v. *Clapp* (1925), 83 Ind. App. 697, 149 N.E. 908.

For the purpose of considering the ruling granting summary judgment, we must accept Shaw's contention that the employee handbook set forth terms of the agreement. While the employer was free to change those terms from time to time, it was nevertheless bound by them unless and until they were changed and the affected employees were notified.

However, I agree that the judgment was correct since the handbook did not purport to set forth all grounds for termination, or that termination would be only for proper cause, or that use of the warning slip system was a condition precedent to discharge.

Under such circumstances, the employer's right to terminate the at-will relationship under the facts asserted by Shaw remained and the summary judgment was proper.

NOTE.—Reported at 328 N.E.2d 775.