908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mary Ellen MIRES, Plaintiff-Appellant,
v.
Charles C. LANDOLFI and Computer Task Group, Inc.,
Defendants-Appellees.
 No. 89-2001.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 28, 1990.*
Decided July 10, 1990.
 
 Before RICHARD A. POSNER, DANIEL A. MANION and MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant, Mary Ellen Mires, appeals from the district court's dismissal of her complaint for wrongful discharge under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We affirm.
 
 I.
 
 2
 On appeal, the plaintiff challenges only that portion of the district court's order that dismissed her wrongful discharge count. In reviewing the dismissal, we must accept as true the well-pleaded factual allegations of the plaintiff's complaint and the reasonable inferences to be drawn from them. Yeksigian v. Nappi, 900 F.2d 101 (7th Cir.1990). The dismissal is reviewed de novo to determine whether under any set of facts the plaintiff could prevail in this instance. Villegas v. Princeton Farms, Inc., 893 F.2d 919 (7th Cir.1990).
 
 
 3
 Mires was hired by Computer Task Group, Inc. (CTG) in January 1981 as an accounting clerk. Between January 1981 and February 1986, Mires received several promotions and pay raises, culminating in her placement in February 1986 in the position of Branch Administrator. On January 25, 1988, Mires was discharged, allegedly for failure to satisfactorily perform her duties as Branch Administrator.
 
 
 4
 The CTG employee handbook outlined a progressive disciplinary procedure, which provided that an employee would receive a warning and an opportunity to improve her performance prior to termination. It is undisputed that the progressive disciplinary procedure was not followed in this case. Mires was discharged without warning. Plaintiff maintains that, as such, CTG breached the employment contract created by the provisions in the employee handbook. The defendants counter that Mires was an employee at will, and therefore, she could be terminated for any reason or no reason without the employer exposing itself to liability for wrongful discharge. The district court agreed that Mires was an employee at will. It dismissed her complaint, in turn rejecting the argument that the handbook promises created a binding contract.
 
 II.
 
 5
 It is well-settled under Indiana law that "an employment contract of indefinite duration is presumptively terminable at the will of either party." Streckfus v. Gardenside Terrace Co-Op, Inc., 504 N.E.2d 273, 275 (Ind.1987). In this instance, Mires alleges that the promises contained in the employee handbook created a binding unilateral contract that converted her employment from at will to that of terminable-for-cause. The Indiana courts have specifically rejected the argument that an employee handbook establishing procedures to be used in disciplining or terminating employees create a binding contract on the employer.
 
 
 6
 In Shaw v. S.S. Kresge Co., 328 N.E.2d 775 (Ind.Ct.App.1975), the Indiana Court of Appeals held that in the absence of a promise that the employment was to continue for a fixed period, the employment relationship is terminable at will. The Shaw court noted that to the extent that handbook provisions establishing disciplinary and termination procedures could be considered to be create an employment contract, it would be unenforceable for want of independent consideration. Id. at 779. See also Mead Johnson and Co. v. Oppenheimer, 458 N.E.2d 668, 671 (Ind.Ct.App.1984) ("Employee handbooks are immaterial without an enforceable agreement between the employer and employee of employment for a definite duration."); Tri-City Comprehensive Community v. Franklin, 498 N.E.2d 1303, 1305 (Ind.Ct.App.1986) (Court noted that the Indiana courts had rejected argument that the promulgation of an employee handbook outlining disciplinary and termination procedures creates a binding unilateral contract on the employer).
 
 
 7
 Although the majority of states that have considered the issue presented in this case, acknowledge that the provisions of an employee handbook may be contractually binding on the employer, See Duldulao v. Saint Mary of Nazareth Hosp., 505 N.E.2d 314, 316-17 (Ill.1987) (collecting cases), Indiana has not accepted the argument. Despite apparent pressure to modify its position in the form of dissenting opinions and an acknowledgement, without decision, of the issue by the Indiana Supreme Court in Streckfus, Indiana has not modified its position.
 
 
 8
 This court has recognized that federal courts sitting in diversity are " 'disinclined to make bold departures in areas of the law that we have no responsibility for developing.' " Chang v. Michiana Telecasting Corp., 900 F.2d 1085, 1088 (7th Cir.1990) (quoting Afram Export Corp. v. Metallurgiki Halyps S.A., 772 F.2d 1358, 1370 (7th Cir.1985)). The district court properly concluded under the current state of Indiana law that the plaintiff did not state a claim for which relief could be granted; therefore, its decision is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record