Daniel L. GANSERT, Appellant-Plaintiff,

v.

Charles MEEKS, Sheriff of Allen County et al., Appellees-Defendants.

No. 3–278A30.

Court of Appeals of Indiana,
Third District.

Jan. 25, 1979.

David J. Avery, Hayes & Hayes, Fort Wayne, for appellant-plaintiff.

John O. Feighner, Fort Wayne, Theo. L. Sendak, Atty. Gen., Indianapolis, for appellees-defendants.

STATON, Judge.

While serving as a probationary police officer, Daniel L. Gansert was terminated without notification of the cause and without an opportunity for a hearing. In Gansert's complaint, he requested the trial court to declare certain statutory provisions and Merit Board Rules to be unconstitutional. The trial court granted a motion to dismiss filed by Charles Meeks, Sheriff of Allen County, et al. Gansert appeals.

We find no error in the trial court's disposition of this case. We affirm.

The issue we must resolve concerns whether Gansert's appointment as a probationary police officer conferred upon him a property interest which is afforded constitutional protection.

Gansert raises two separate arguments. First, he argues that IC 1971, 17–3–14–7, Ind.Ann.Stat. § 49–2826 (Burns Code Ed.), and Section J, Paragraph 2 of the Allen County Police Department Merit Board Rules, violate the due process guarantees of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 12 of the Constitution of Indiana. Second, he argues that the statutory treatment of probationary police officers violates equal protection guarantees contained in the Fourteenth Amendment and in Article I, Section 23 of the Constitution of Indiana.

The trial court considered Gansert's arguments and then issued the following findings and conclusions:

"1. On or about the 14th day of March, 1977, plaintiff was duly appointed, by the defendants, Allen County Sheriff's Merit Board, and the members thereof, Joseph E. Maroney, Nan Elliott Collias, Frank L. Galluci and Win F. Rood, upon the request of the defendant, Charles Meeks, Sheriff of Allen County, to a position with the Allen County Police Department as a probationary Allen County Police Officer.

"2. On or about the 29th day of July, 1977, defendant, Daniel F. Figel, Chief Deputy of the Allen County Police Department, acting on behalf of defendant, Charles Meeks, Sheriff of Allen County, informed plaintiff that his position as probationary Allen County Police Officer was thereby immediately terminated, pursuant to the provisions of Indiana Code 17–3–14–7 and Allen County Police Department Rules, Section J, Paragraph 2.

"3. The criterion for retention was and is satisfactory service during probation, a standard determined subjectively and solely by the Sheriff without hearing and right to appeal. The standard is not to be determined by the notions of the petitioner or a hearing board, or a judge, or some other 'due process' entity. Nothing has appeared in this case to indicate that such a standard is illegal or unconstitutional.

"4. Petitioner therefore never acquired a 'property interest', a 'legitimate claim of settlement', an 'implied promise' or 'reasonable expectation' of employment; at most, he had a 'hope' his performance would conform to the Sheriff's desires.

"5. The petitioner never having acquired a 'property interest' in his job, is not constitutionally entitled to a hearing or appeal or other 'due process.'

"6. The classification of Sheriff's employees as 'probationary' or 'non-probationary' for termination (and other) purposes, does not violate equal protection of the laws:

(a) This Court agrees with petitioner that one purpose of the legislation is 'to provide for the efficient and orderly operation of a county police force.' Summary early termination of new employees found by the Sheriff to perform unsatisfactorily, (and their replacement by others who do) certainly can not be said to constitute an 'irrational' implementation of that policy.

(b) The above classification, as this Court noted, by way of judicial knowledge, is widely used in business and industry and in labor union contracts.

(c) The vesting by the legislature of this limited termination authority in the Sheriff is in turn limited, and its abuses, if any, controlled by the Sheriff's regular accountability to the electorate."

The trial court sustained Meeks' motion to dismiss.

The Indiana statutes relevant to this appeal are as follows:

IC 1971, 17–3–14–6, Ind.Ann.Stat. § 49–2825 provides:

"All county policemen appointed to the department under this chapter . . . shall be probationers and on probation for a period of one [1] year from the date of appointment."

IC 1971, 17–3–14–7 provides:

"The sheriff may discharge, demote, or temporarily suspend any county policeman, for cause, after preferring charges in writing and after a fair public hearing before the board, reviewable in the circuit court, a notice of which charges and hearing shall be delivered by certified mail to the county policeman to be discharged, demoted or temporarily suspended. Such county policeman may be represented by counsel. The sheriff may temporarily suspend without a hearing before the board, any county policeman, after preferring charges of misconduct in writing delivered to such county policeman, for a period not to exceed fifteen [15] days.

"No county policeman shall be discharged, demoted, or temporarily suspended because of political affiliation, nor shall any county policeman be discharged, demoted, or temporarily suspended after his probationary period, except as provided in this act."

The relevant Merit Board Rules are as follows: Section J, Paragraphs 1 and 2 provide:

"1. No county policeman shall be discharged, demoted, or temporarily suspended because of political affiliation, nor shall any county policeman be discharged, demoted or temporarily suspended after his probationary period, except as provided in these rules.

"2. The Sheriff shall temporarily suspend without a hearing before the Board, any county policeman, after preferring charges of misconduct in writing delivered to such county policeman, for a period not to exceed fifteen (15) days. Probationers may be discharged by the Sheriff without right to hearing before the Board. . . ."

Section D, Paragraph 7 provides:

"7. Every appointment to the police department shall be for a probationary period of one (1) year of actual service. If at any time during the probationary period the conduct or capacity of the probationer is found not to be satisfactory, which fact shall be determined by the Sheriff, without hearing and without right of appeal, the probationer shall be notified in writing by the Sheriff that he will not receive a permanent appointment; otherwise, his retention in the service after the expiration of the probationary period shall be equivalent to and shall constitute his final and permanent appointment."

The statutes and the rules clearly authorized Sheriff Meeks to discharge Gansert without a hearing or appeal. However, Gansert asserts that the authorized procedure violated his constitutional rights to due process and equal protection of the law.

## I.

### Due Process

Gansert claims that his employment as a probationary officer constituted a property interest which was guaranteed due process protections.

▮ In order to avail himself of due process protections, Gansert must first show that he had some property interest which was protected by procedural due process. *Board of Regents v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *State ex rel. Warzyniak v. Grenchik* (1978), Ind.App., 379 N.E.2d 997. A property interest may arise from a statute, ordinance or contract. *Morris v. City of Kokomo* (1978), Ind.App., 381 N.E.2d 510. In any event, the sufficiency of the claim of entitlement to such a property interest must be decided by reference to state law. *Bishop v. Wood* (1976), 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684.

▮ Gansert bases his claim of entitlement upon his reading of Section D, Paragraph 7 of the Merit Board Rules. He claims that the rule guarantees that, if his conduct and capacity were satisfactory during his one-year probationary period, he would automatically receive a permanent appointment to the county police department.

Gansert's interpretation of the rule is incorrect. The rule merely states the term of the probationary appointment (one year) and indicates that, if the Sheriff determines that a probationer's conduct or capacity is not satisfactory, then the Sheriff shall notify the probationer that he will not receive a permanent appointment. The Sheriff's determination is not subject to any hearing or appeal. Therefore, it is within the Sheriff's discretion to make. If the probationer receives no notification of non-appointment he will be retained as a permanent policeman.[1]

Since Gansert received notification of his termination, his probationary appointment could not result in retention as a permanent policeman. As the trial court concluded in its findings of fact, the standard for satisfactory performance was to be determined and applied solely by the Sheriff without hearing or appeal.

Gansert was aware that his realization of a permanent appointment rested within the discretion of the Sheriff during the probationary period. The Merit Board Rule clearly distinguished between the treatment of probationary and non-probationary policemen, unlike the rules in *Town of Speedway v. Harris* (1976), Ind.App., 346 N.E.2d 646, which made no such distinction. In *Town of Speedway* the rules, which afforded any fireman a hearing before dismissal, were held to confer upon a probationary fireman a property interest in continued employment. Gansert cannot claim entitlement to a property interest that is not contained in either the Merit Board Rules or the state statutes.

▮ In the alternative, Gansert argues that the bare fact of his appointment as a probationary police officer created a clearly implied promise of continued employment which constitutes a protected property interest. He cites *Connell v. Higginbotham* (1971), 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 for the proposition that the Fourteenth Amendment proscribes summary dismissal from public employment without a due process hearing, due to such an implied promise of continued employment. However, that case does not stand for any such proposition. In that case, the U.S. Supreme Court determined that public employees who refused to sign a particular loyalty oath could not be summarily dismissed without due process. The *Connell* case was incorrectly cited in *Town of Speedway v. Harris, supra,* 346 N.E.2d 646, for the proposition that a proscription against summary dismissal from public employment applied to an employee with a clearly implied promise of continued employment.

We know of no legal authority for the proposition that a probationary public em-

---

1. A separate rule allows the Sheriff to discharge a probationary police officer without a hearing. See Section J, Paragraph 2 of the Merit Board Rules.

ployee possesses a property interest created by an intrinsic clearly implied promise of continued employment. As the trial court noted, the criterion for retention, as contained in the Merit Board Rules, was Gansert's satisfactory service, to be determined solely by Sheriff Meeks.

The trial court specifically found that Gansert never acquired an "implied promise" of continued employment. No evidence to the contrary is found in the record.

We hold that the trial court correctly concluded that Gansert never acquired a constitutionally-protected property interest in his job. Therefore he was not entitled to due process protections of a hearing or an appeal from his dismissal as a probationary police officer.

## II.

### Equal Protection

Gansert claims that IC 1971, 17–3–14–7 violates his constitutional guarantee of equal protection of the laws in that the statute provides that a probationary police officer may be terminated without a hearing, while a non-probationary officer may be terminated only after charges are made and a hearing held.

■ The standard of review to determine whether a statute violates equal protection laws is whether the classification is arbitrary or unreasonable. *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763. The burden upon one who challenges a statute is a heavy one:

"Under the traditional equal protection test, the challenger must present a case which is sufficient to overcome the general presumption of constitutionality. The same party must present the court with the legal and factual means to determine whether the statutory scheme involving a classification is related to the purpose of the act. The party must put before the court a statement of the purpose and objective of the act for which it contends. The party must identify for the court the statutory characteristics which serve to differentiate the classes. And it must

show that there is no rational basis for dissimilarly treating classes having only those differences. This burden may be carried by demonstrating the identity of interest of the two classes which inheres in the subject matter of the legislation."

*Board of Com'rs v. Kokomo City Plan Com'n* (1975), 263 Ind. 282, 330 N.E.2d 92, 98.

■ Gansert has failed to meet his burden. He has failed to show that no rational basis exists for the different treatment and has failed to show the identity of interest of probationary and non-probationary police officers.

As the trial court concluded, the classification of police officers as either probationary or non-probationary for the purpose of termination does not violate equal protection of the laws. A probationary police officer knows his continued employment depends upon the Sheriff's assessment of his performance. Upon permanent appointment, he gains a measure of job security. The Sheriff is afforded a reasonable period of time in which to evaluate probationary policemen for permanent appointment and to replace unsatisfactory probationers.

As Meeks points out in his brief, the Court of Appeals has sanctioned the classification of policemen with respect to a right to a termination hearing. *City of Frankfort v. Logan* (1976), Ind.App., 341 N.E.2d 510. In that cause, the court held that a particular statutory provision granting the right to a hearing applied only to regular policemen and not to "special" policemen appointed under a separate section of the statute which allowed their removal without notice or cause.

The trial court correctly held that IC 1971, 17–3–14–7 did not deny Gansert equal protection.

■ Gansert also claims that he was denied equal protection by the State's grant of a hearing to probationary city police officers, in IC 1971, 18–1–11–3, Ind.Ann. Stat. § 48–6105 (Burns Code Ed.). Gansert cites no legal authority for his argument.

Gansert cannot base an equal protection argument upon a statute which does not affect him. In his position as a probationary *county* police officer, he was terminated under IC 1971, 17–3–14–7. At no time was his position affected by rights granted under IC 1971, 18–1–11–3, a statute applicable only to *city* police officers. Finally, he cannot claim that city police officers and county police officers must be treated as the same classification for the purposes of state statutes.

### III.

### Conclusion

Gansert failed to meet his burden of showing that certain statutes and Merit Board Rules were unconstitutional as violative of due process or equal protection. The trial court correctly granted Meeks' motion to dismiss.

The judgment of the trial court is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.