**Rodney SANTINI, Plaintiff,**

v.

**The TOWN OF NEW HARMONY, Board of Trustees of Town of New Harmony, Donald Hatfield and Ralph Hardy, Individually and as members of the Board of Trustees, Town of New Harmony; and Gary Watson, Individually and as Town Marshal of the Town of New Harmony, Defendants.**

No. EV 82–317–C.

United States District Court,
S.D. Indiana,
Evansville Division.

July 9, 1984.

Rodney H. Grove, Evansville, Ind., for plaintiff.

Charles Berger, Berger & Berger, Evansville, Ind., for defendants.

## FACTUAL SUMMARY

BROOKS, District Judge.

On June 2, 1980, defendant, Board of Trustees of Town of New Harmony, (hereinafter "Board") hired plaintiff, Rodney Santini as Town Marshal for the Town of New Harmony. As a condition of his employment, defendant required plaintiff to serve as Town Marshal for six (6) months on a probationary basis. According to plaintiff's amended complaint, the terms of plaintiff's employment contract stipulated that the Board would then retain plaintiff as Town Marshal and would send him to the Police Academy for the required training.

In January, 1981, seven (7) months after defendants hired plaintiff, the Board dismissed plaintiff from his duties as Town Marshal. Plaintiff received neither a hearing nor notice prior to his dismissal.

## MEMORANDUM ENTRY

### COUNT ONE

Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. § 1343 upon a claim that defendants violated his civil rights as guaranteed by 42 U.S.C. § 1983. Plaintiff alleges that defendants wrongfully terminated his employment and in so doing de-

nied him equal protection under the laws and due process. Plaintiff makes two arguments in support of his claim. First, plaintiff contends that Indiana Code 18–3–1–16(d) [Indiana Code 18–3–1–16, recodified as Indiana Code 36–5–7–3 by Acts 1980, P.L. 212 § 4] and Indiana Code 18–1–11–3 [Indiana Code 36–8–3–4, as added by Acts 1981, P.L. 309 § 52; 1981, P.L. 315 § 2.] protected his employment from termination without due process. Alternatively, plaintiff argues that he possessed a "property interest" in his position which was protected by 42 U.S.C. § 1983. The Court will address each argument in turn.

■ Plaintiff's initial argument that Indiana Code 18–3–1–16(d) and Indiana Code 18–1–11–3 guaranteed to him due process proceedings prior to termination must necessarily fail for lack of complete applicability. Indiana Code 18–3–1–16(d) provides:

The board of trustees of every town not operating under the metropolitan police department system shall appoint a marshal who shall serve during the pleasure of the board and whose salary shall be fixed by the board. However, before terminating or suspending any marshal or deputy marshal who has satisfied the basic training requirements of the law enforcement training board, and who has been employed by the town for more than six (6) months after completing the basic training requirements the board of town trustees must follow the disciplinary removal and appeals procedure prescribed by I.C. 18–1–11–3 [Acts 1969, ch. 252, § 214; 1977, P.L. 204 § 1; 1979, P.L. 170, § 1].

Indiana Code 18–1–11–3 calls for notice and hearing procedures prior to termination. In order to fall within the protection of 18–1–11–3, plaintiff must fulfill the requirements of Indiana Code 18–3–1–16(d).

Indiana Code 18–3–1–16(d) establishes a probationary period during which the marshal serves solely "during the pleasure of the board." This probationary period extends for six (6) months after the marshal "has satisfied the basic training requirements of the law enforcement training board." At the time of his dismissal and by his own admission, plaintiff had not satisfied the basic training requirements adopted by the Law Enforcement Training Board under Indiana Code 5–2–1–9(b) [Acts 1967, ch. 209, § 9; 1982, P.L. 31 § 1.] This statute, in part, requires an officer to successfully complete the program of The Indiana Law Enforcement Academy. Plaintiff has not attended the Academy and has therefore, not fulfilled a critical element of Indiana Code 18–3–1–16(d).

Plaintiff contends that he was not allowed to complete these requirements because he was dismissed before he was sent to the Academy. By this contention, plaintiff is implying that the Board had a duty to send him to the Academy; that is, that defendants had a duty to guarantee plaintiff an opportunity to fulfill the requirements of Indiana Code 18–3–1–16(d). This Court is unaware of any statute which requires a town or municipality to send a marshal or officer to the Academy. Without case or statutory support, this Court will not draw that inference.

Plaintiff cannot hold defendants liable for a violation of Indiana Code 18–1–11–3 because plaintiff did not meet the standards imposed by Indiana Code 18–3–1–16(d). Plaintiff served as Town Marshal for only six (6) months and did not attend the Law Enforcement Academy. Indiana Code 18–1–11–3 is, therefore, inapplicable to this case, and plaintiff cannot claim entitlement to the due process and equal protection guarantees of 18–1–11–3 as granted by Indiana Code 18–3–1–16(d). In an effort to counter this result, plaintiff asserts that defendants are estopped from bringing the defense of the inapplicability of Indiana Code 18–3–1–16(d) and Indiana Code 18–1–11–3.

■ In order to sustain his contention that the theory of estoppel is relevant to this action, plaintiff must demonstrate his detrimental reliance upon the words or acts of the defendants. The court in *Amendola v. Schliewe, Rude and Koessl,* 732 F.2d 79, 85 (E.D.Wis.1984) summarized this requirement:

Equitable estoppel requires a showing that the party seeking estoppel relied to his detriment upon some intentionally misleading statement or conduct of the party to be estopped. *Citation Cycle Co., Inc. v. Yorke,* 693 F.2d 691, 695 (7th Cir.1982); *Triple Interest, Inc. v. Motel 6, Inc.,* 414 F.Supp. 589, 595 (W.D.Wis. 1976).

Plaintiff, in his amended complaint, does not allege any facts which indicate that he relied to his detriment upon words or acts of the defendants. Without this factual allegation, plaintiff cannot maintain a defense of equitable estoppel. For the foregoing reasons, plaintiff's first argument does not support his cause of action.

■ Plaintiff's second argument centers upon his contention that he possessed a "property interest" in his position as Town Marshal which was protected by 42 U.S.C. § 1983. 42 U.S.C. § 1983 guarantees:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of The United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (R.S. § 1979).

In the event plaintiff's allegations are true, this Court would properly have jurisdiction over the subject matter of this case. Therefore, in order to sustain his claim, plaintiff must show not only that he possessed a "property interest" in his position, but also that the Constitution and laws protected that property interest.

The standard which plaintiff must follow in order to establish a constitutionally protected property interest was set forth in *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). The *Bishop* court, by reference to state law, concluded that a discharged policeman did not hold a property interest in his employment status which the Fourteenth Amendment would guarantee. In so holding, the Court stated:

A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law.

This standard places upon the plaintiff the additional burden of making his claim under well-defined Indiana law. *Accord, Glenn v. Newman,* 614 F.2d 467, 471 (5th Cir.1980); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972).

In *Sheridan v. Town of Merrillville,* 428 N.E.2d 268, 270 (Ind.App.1981), the court determined that, according to the applicable Indiana statutes, a demoted police chief was not denied due process because demotion from rank as Chief of Police did not create a claim of entitlement under the Fourteenth Amendment. The court in *Sheridan* relied heavily on prior Indiana law when it stated:

*Town of Speedway v. Harris,* (1976) 169 Ind.App. 100, 346 N.E.2d 646, and its progeny, establish that where a statute or ordinance affirmatively creates an expectation that a particular employment will continue unless and until certain defined events occur, such interest is a property right which is protected by the due process clause of the Fourteenth Amendment to the Constitution of The United States. Such interest and claim of entitlement must be more than an abstract desire or unilateral expectation; the claimant must have a legitimate claim of entitlement.

Indiana law, therefore, requires plaintiff to demonstrate that he had a reasonable expectation that his employment would continue beyond the six (6) month probationary period. There are two main theories which this Court examined in making its determination of this issue. First, the Court re-examined the language of Indiana Code 18–3–1–16(d). Second, the Court considered the

terms of the employment contract between plaintiff and defendant, The Board of Trustees of the Town of New Harmony. After thorough consideration, this Court has decided that plaintiff did not have a reasonable expectation of continued employment which would be sufficient to maintain his claim under 42 U.S.C. § 1983.

■ First, the language of Indiana Code 18–3–1–16(d) guarantees due process notice and hearing to a marshal or deputy marshal only after he/she has completed all the basic training requirements and has remained employed in that position for six (6) months after completion of those requirements. Plaintiff had not attended the Indiana Law Enforcement Academy and, therefore, was aware that he did not meet all the requirements of Indiana Code 18–3–1–16(d). Until plaintiff fulfilled all the conditions of Indiana Code 18–3–1–16(d), he served solely "during the pleasure of the Board." Therefore, any expectation by plaintiff that his employment would be continued and/or protected by the Constitution could not be considered reasonable.

■ Second, plaintiff has alleged in Count Four of his amended complaint that a legal and binding contract existed between plaintiff and defendant, the Board. In Paragraph three (3) of Count Four, plaintiff details his understanding of that contract:

> Under the terms and conditions of said contract of employment, after completion of the six (6) month probationary period and conditioned upon the satisfactory performance of his duties, the defendants were to retain the plaintiff as Town Marshal and send the plaintiff to the Police Academy for the required training period prior to the plaintiff's completion of one (1) year of employment.

By this statement, plaintiff is putting forth a breach of contract allegation. Plaintiff claims that he did perform his duties satisfactorily and defendants should, therefore, have fulfilled their obligations under the contract. Plaintiff contends he did, at that time, have a reasonable expectation in the continuation of his employment. While this may be true, and the Court will address that issue later, plaintiff has not pointed to an applicable statute or ordinance which created a reasonable expectation that his employment relationship would continue. *Sheridan*, 428 N.E.2d at 270 prescribes this showing of an existing, applicable ordinance or statute. *See also Natural Resources Commission v. Sullivan*, 428 N.E.2d 92, 97 (Ind.App.1981). (Court determined that demoted officer would have a sufficient property interest in his rank to invoke due process protections if he could point to "a state statute or administrative regulation which provided him with a 'legitimate claim of entitlement' to continued employment.") Plaintiff's interpretation of the existing contract alone is insufficient to establish a reasonable expectation of continued employment. Having failed to establish this reasonable expectation, plaintiff may not proceed upon the premise that he was denied an interest in property without due process or equal protection of the laws.

Were there language within an applicable statute or ordinance which limited the defendant, Board of Trustees' discretion in discharging a marshal to "for cause" reasoning, plaintiff would conceivably have a valid due process claim. *Natural Resources Commission*, 428 N.E.2d at 98. (The court decided that the imposition of the "for cause" requirement upon the employment relationship invokes the constitutional due process requirement of notice and hearing). The relevant statute to this case, Indiana Code 18–3–1–16(d) expressly states that prior to certain defined events, a marshal serves solely "during the pleasure of the board." There is no requirement that the Board discharge a marshal only "for cause". Therefore, plaintiff may not invoke this Court's jurisdiction on the ground that he was not discharged "for cause" and was denied due process. This Court, having considered the relevant theories, has determined that plaintiff has not established a claim under 42 U.S.C. § 1983.

### COUNTS TWO AND THREE

■ In Count Two of his amended complaint, plaintiff alleges that defendant,

Gary Watson, conspired with defendants Donald Hatfield and Ralph Hardy, members of the Board of Trustees, in an effort to aid defendants in violating their obligations under the existing contract between plaintiff and defendants. Plaintiff further alleges that as a result of this conspiracy, defendants breached plaintiff's employment contract.

Plaintiff does not bring this claim upon an independent basis of jurisdiction, but instead relies upon the constitutional and federal claims and violations alleged in Count One of his amended complaint. Notwithstanding the fact that a conspiracy claim is more properly brought under 42 U.S.C. § 1985, this Court still lacks jurisdiction to hear this claim. This Court has previously determined that plaintiff has not alleged a valid § 1983 claim nor a violation of any pertinent federal law. Without a valid federal claim, plaintiff may not invoke this Court's jurisdiction under either 42 U.S.C. § 1983 or § 1985. *Howard v. State Department of Highways of Colorado,* 478 F.2d 581, 585 (10th Cir.1973).

In Count Three of his amended complaint, plaintiff alleges that defendant, Gary Watson, "intentionally interferred with the contractual relationship" existing between plaintiff and defendant, Board of Trustees. Plaintiff also charges that defendant, Watson, "intentionally induced" defendant, Board of Trustees to breach this contract.

As with Count Two, plaintiff relies solely upon his Count One constitutional and federal claims to invoke this Court's jurisdiction over his claim of intentional interference and inducement. This jurisdictional foundation cannot support Count Three because this Court has already dismantled that foundation. As plaintiff has not alleged an independent, valid basis of jurisdiction, this Court must dismiss Counts Two and Three for lack of subject matter jurisdiction.

### COUNT FOUR

Breach of contract is the theory upon which plaintiff bases Count Four of his amended complaint. As previously mentioned, this may be a valid claim, but this Court does not have jurisdiction to determine that issue. There is no valid allegation of jurisdiction within plaintiff's amended complaint; plaintiff relies solely on his Count One constitutional and federal claims. Without a sound allegation of jurisdiction, Rule 12(h)(3) of the Federal Rules of Civil Procedure forces this Court to dismiss Count Four.

For all the above reasons and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the defendants' motion to dismiss this amended complaint is hereby GRANTED on the ground that this Court lacks subject matter jurisdiction. Due to this Order, the Court need not rule upon plaintiff's motion to compel answers to interrogatories filed on August 18, 1983.