Fred T. UNTCH, Robert Cibak, and Ted Jarosak, Plaintiffs–Appellants

v.

Stephen CHADDOCK, Chief of the Portage Police Department; Board of Public Works and Safety of the City of Portage; Anita Bando, Clerk–Treasurer of the City of Portage; and Portage City Council, Defendants–Appellees

No. 64A03–8708–CV–230.

Court of Appeals of Indiana, Third District.

March 15, 1988.

Rehearing Denied June 2, 1988.

Gary S. Germann, Portage, for plaintiffs-appellants.

Michael C. Handlon, Handlon & Handlon, Portage, for defendants-appellees.

GARRARD, Presiding Judge.

Fred T. Untch, Robert Cibak, and Ted Jarosak, who are members of the Portage Police Department, appeal the entry of summary judgment in favor of the Chief of the Portage Police Department, the Board of Public Works and Safety of the City of Portage, the Clerk Treasurer of the City of Portage and the Portage City Council. The only issue presented by this appeal is whether the policemen were entitled to notice and an opportunity to be heard before ranks to which they had been promoted were eliminated from the structure of the police department during their probationary period which had been extended from one year to one and one-half years after the promotions were received. We affirm.

■ Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C). Normally when reviewing a grant of summary judgment, this court looks at the facts most favorable to the non-moving party and the reasonable inferences to be drawn therefrom. *Frady v. Hedgcock* (1986), Ind. App., 497 N.E.2d 620, 622 quoting *Penwell v. Western and Southern Life Insurance Co.* (1985), Ind.App., 474 N.E.2d 1042, 1044. In this case, however, the parties filed a stipulation regarding the relevant facts and our opinion is therefore based upon the facts it contains.

On January 10, 1983 and effective January 16, 1983, Untch, Cibak and Jarosak each received promotions from the Board of Public Works and Safety for the City of Portage. At the time the promotions were given, the appointments were probationary for a period of one year. In January of 1984, Stephen Chaddock was appointed Chief of Police and on the 15th of January, the Board of Public Works amended the regulations regarding probationary periods by extending the period to one and one-half years. On July 13, 1984, the Board eliminated from the rank structure of the police department the ranks to which Untch, Cibak and Jarosak had been promoted. The officers contend that due process required that the Board give them notice and an opportunity to be heard at the special meeting during which their ranks were eliminated.

■ An employee is entitled to due process protections such as notice and an opportunity to be heard only if the employee has a constitutionally protected property interest in his continued employment or a benefit connected with that employment. *See Gansert v. Meeks* (1979), 179 Ind.App. 209, 384 N.E.2d 1140. An employee possesses such a property interest only if he has a legitimate claim of entitlement to the continued employment or benefit. *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. In determining whether an employee has a legitimate claim of entitlement, this court has considered whether the interest has vested. *See, e.g., Foley v. Consolidated City of Indianapolis* (1981), Ind.App., 421 N.E.2d 1160. "In order for a right to vest ... it must be 'immediate, absolute, complete, unconditional, perfect within itself and not dependent upon a contingency.' " *Id.* at 1168, citing *Martin v. Simplimatic Engineering Corp.* (1979), 181 Ind.App. 10, 390 N.E.2d 235, 237, quoting *Parr v. Paynter* (1922), 78 Ind.App. 639, 643, 137 N.E. 70, 71.

■ Absent any specific rule, regulation, or statute to the contrary, a probationary employee does not have a vested right to continued employment. *Gansert v. Meeks* (1976), 179 Ind.App. 209, 384 N.E.2d 1140 (probationary police officer failed to acquire protected property interest in his job so as to be entitled to a hearing and an appeal of his dismissal). *Cf. Town of Speedway v. Harris* (1976), 169 Ind.App. 100, 346 N.E.2d 646 (probationary fireman possessed a protected property interest in

his job by virtue of rule which offered any fireman a hearing prior to dismissal). The police officers contend that the one year probation period rule of the Portage Police Department which was in effect at the time of their promotions was applicable to their case and that therefore they acquired a vested property interest in those ranks on January 16, 1984. They rely heavily upon *Wencke v. City of Indianapolis* (1981), Ind.App., 429 N.E.2d 295 in support of their argument. *Wencke*, however, is distinguishable.

In *Wencke* this court held that a statute which reduced the mandatory retirement age for police officers from seventy to sixty-five violated the contract clauses of the state and federal constitutions by impairing the contract obligation the city had assumed when it hired an officer when the seventy year retirement provision was in effect. The decision in *Wencke* was based on a definite existing contract with fixed terms. Hence, the property interest in continued employment until age seventy was vested when the statute reduced the mandatory retirement age to sixty-five. In this case, however, the police officers did not have a definite contract with the Portage Police Department as to their new ranks when the Board altered the rule regarding probationary periods by increasing them from one year to one and one-half years. The Board legitimately could have eliminated the ranks without giving the officers notice and an opportunity to be heard when it altered the probationary period because the officers did not possess a protectable property interest in their new ranks at that time. "Moreover, it is well settled that 'a mere expectance of a future benefit, or a continued interest in property founded on anticipated continuance of existing laws, does not constitute a vested right.'" *Foley*, 421 N.E.2d at 1168, quoting 16 C.J.S. *Constitutional Law* § 215 at 1174–1175 (1956). The police officers' promotions were contingent upon them satisfactorily completing the probationary period and they did not possess a vested right on the continued existence of the rule which set that period at one year. As the officers did not possess a protectable prop-

erty interest in their new ranks, the trial court properly concluded as a matter of law that the officers were not entitled to notice and an opportunity to be heard at the special meeting during which those ranks were eliminated. The entry of summary judgment therefore was appropriate.

Affirmed.

STATON and BUCHANAN, JJ., concur.