Arnold G. **MAUKE**, Plaintiff,

v.

**TOWN OF DUNE ACRES**, Dune Acres Town Council, and James Bapst, in his Capacity as Police Commissioner, Defendants.

Civ. No. 2:93–CV–57–RL.

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 6, 1993.

Hugo Martz, Valparaiso, IN, John M. Vouga, Portage, IN, for plaintiff.

William W. Kurnik, Kurnik Cipolla Stephenson and Barasha, Arlington Heights, IL, for defendants.

### ORDER

LOZANO, District Judge.

This matter is before the Court on a Motion to Dismiss Plaintiff's Amended Complaint, filed on July 1, 1993, by the Defendants, Town of Dune Acres, Dune Acres Town Council, and James A. Bapst ("Defendants"). By their Motion, Defendants request this Court to dismiss with prejudice all of the federal and state law claims pled in Plaintiff, Arnold J. Mauke's ("Plaintiff") Amended Complaint for Declaratory Judgment and Damages, filed June 18, 1993. Being advised in the premises, this Court hereby **GRANTS** Defendants' Motion to Dismiss, and **DISMISSES** Plaintiff's claims under 42 U.S.C. § 1983 with prejudice, and Plaintiff's state claims without prejudice.

### BACKGROUND

This case involves claims arising from Plaintiff's discharge from employment as the Town Marshal of the town of Dune Acres, Indiana ("Dune Acres"). Plaintiff had been continuously employed by Dune Acres since September 6, 1965, until his dismissal on September 1, 1992. Plaintiff was first Deputy Town Marshal, and then, since 1983, Town Marshal. The Plaintiff, who never attended the Indiana Law Enforcement Training School, was notified of his termination on August 12, 1992, to become effective September 1, 1992. Plaintiff obtained a temporary restraining order from the Porter Superior Court and worked from September 3, 1992, until September 8, 1992, at which time that court vacated the restraining order. Plaintiff claims that Defendants terminated his employment without notice or a hearing, in violation of his rights under the Fourteenth Amendment of the United States Constitution and Indiana law.

Plaintiff filed his four count Amended Complaint in this Court on June 18, 1992. Counts I and II are brought pursuant to 42 U.S.C. § 1983. Count I alleges that Plaintiff's termination deprived him of equal protection under the law, in violation of the Fourteenth Amendment. Count II alleges that Plaintiff's dismissal was without notice and an opportunity to be heard and thus deprived him of his property and liberty without due process of law guaranteed by the Fourteenth Amendment. In Counts III and IV, the Plaintiff alleges that his termination was in violation of Indiana law.

The Defendants assert that Plaintiff has not been denied due process of law, as he has no property interest in his continued employment because he has not completed the necessary training which would afford him the protection of the Indiana statute which grants a property interest in continued employment. In response, Plaintiff contends that he has achieved a property interest in his continued employment by virtue of his work experience, and therefore is exempt from the formal training requirement. Plaintiff also argues that an alleged termination agreement which Defendants attempt-

ed to induce Plaintiff to sign created a bilateral expectation of employment, thus confirming Plaintiff's property interest in his employment.

Defendants further argue in support of their Motion to Dismiss that termination of Plaintiff's employment without a name clearing hearing did not deprive him of due process of law by infringing upon any protected liberty interest. Plaintiff counters that because Defendants published and caused to be published minutes and newspaper articles concerning his "incapacity", "poor health" and "poor eyesight", which created a stigma and foreclosed opportunities for future employment, his discharge without a name clearing hearing infringed upon his liberty to pursue a chosen occupation in violation of the due process clause of the Fourteenth Amendment.

## DISCUSSION

■ In order to prevail on their Motion, Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the Defendants to show that the Plaintiff has failed to state a claim upon which relief can be granted. When deciding a motion to dismiss, this Court must assume the truth of a plaintiff's well pleaded factual allegations, making all possible inferences in the plaintiff's favor. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991); *Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir.1990). This Court may not dismiss the Plaintiff's Complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989), *cert. denied*, 495 U.S. 957, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990). In order to prevail, the Defendants must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). The Court will address each of Plaintiff's claims separately.

## Equal Protection Claim

■ Count I of the Plaintiff's Amended Complaint alleges a violation of the equal protection clause of the Fourteenth Amendment. Plaintiff brings this claim under 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. Thus, section 1983 provides a cause of action for the deprivation of any rights, privilege, or immunities secured by the constitution and laws of the United States by one acting "under the color of state law." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923–24, 102 S.Ct. 2744, 2746, 73 L.Ed.2d 482 (1982). The Fourteenth Amendment's equal protection clause guarantees citizens the right to be free from invidious discrimination. *Harris v. McRae*, 448 U.S. 297, 322, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980); *see also O'Donnell v. Village of Downers Grove*, 656 F.Supp. 562, 567 (N.D.Ill.1987). The equal protection clause requires the state to treat alike all persons who are similarly situated, in absence of sufficient justification for different treatment. *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 55, 93 S.Ct. 1278, 1307, 36 L.Ed.2d 16 (1972).

■ "A person bringing an action under the equal protection clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Nunn v. City of Chicago*, 603 F.Supp. 1193, 1196 (N.D.Ill.1985); *see also Huebschen v. Dept. of Health & Social Services*, 716 F.2d 1167 (7th Cir.1983); *Minority*

*Police Officers Ass'n of South Bend v. City of South Bend,* 617 F.Supp. 1330, 1348 (N.D.Ind.1985). Additionally, to be a member of a particular class, the Plaintiff must show that he is a member of a group identified apart from the alleged unfair treatment. *Nunn,* 603 F.Supp. at 1196. In the present case, the Court finds that Plaintiff has alleged no "particular class" other than himself and others who have been treated unfairly by virtue of the operation of Indiana Code section 36–5–7–3. Therefore, he has not alleged that he is a member of a particular class apart from those subject to the statute. Accordingly, Plaintiff has not stated a claim upon which relief can be granted for his first claim alleging a violation of the equal protection clause.

*Property Claim*

Plaintiff next asserts that he had property interest in continued employment of which he was deprived without due process of law under 42 U.S.C. § 1983.

■■■■ The Fourteenth Amendment to the Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." Thus, in order to state a cause of action under section 1983 for deprivation of a property interest without due process, Plaintiff must allege facts which would demonstrate that he has a right in continued employment amounting to a property interest. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985); *Board of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. A property interest can be created by statute, ordinance, or by contract. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Gansert v. Meeks,* 179 Ind.App. 209, 384 N.E.2d 1140, 1143 (1979); *Morris v. City of Kokomo,* 178 Ind. App. 56, 381 N.E.2d 510, 514 (1978). Consequently, this Court must determine whether, under Indiana law, Plaintiff alleges facts supporting his right to continued employment such as would constitute a property interest.

■■■■ As a general rule, under Indiana law, employment relationships are terminable at the will of either party. *Speckman v. City of Indianapolis,* 540 N.E.2d 1189, 1192 (Ind.1989); *McClanahan v. Remington Freight Lines, Inc.,* 517 N.E.2d 390, 392 (Ind. 1988); *Phegley v. Indiana Dept. of Highways,* 564 N.E.2d 291, 295 (Ind.Ct.App.1990). Under the employment-at-will doctrine, an employee can be discharged by his employer for any cause whatsoever, or for no cause, without giving rise to an action for damages. *Tri–City Comprehensive Community Mental Health Ctr. v. Franklin,* 498 N.E.2d 1303, 1305 (Ind.Ct.App.1986); *Campbell v. Eli Lilly & Co.,* 413 N.E.2d 1054, 1062 (Ind.Ct.App. 1980). The question of the existence of a property right is a question of law to be decided by this Court, not a question of fact to be resolved by a jury, particularly where the existence of a property right turns on the construction of a statute. *Malcak v. Westchester Park District,* 754 F.2d 239, 243 (7th Cir.1985).

■■■■ The Plaintiff alleges his property interest in continued employment is created by statute, specifically, Indiana Code section 36–5–7–3, which states:

> The marshal serves at the pleasure of the town legislative body. However, before terminating or suspending a marshal who has been employed by the town for more than six (6) months after completing the minimum basic training requirements adopted by the law enforcement training board under IC 5–2–1–9, the legislative body must conduct the disciplinary removal and appeals procedure prescribed by IC 36–8 for city fire and police departments.

Plaintiff alleges he has completed the six (6) months probationary period, although he does not allege that he actually completed the minimum basic training. Rather, Plaintiff claims that due to his prior experience he was exempt from that training, and therefore, he has a vested statutory property right in his employment. However, Indiana Code section 36–5–7–3 makes no provision for an exemption from the minimum basic training

requirement. It simply states that in order for a Town Marshal to be due any procedural process prior to termination he must be employed for more than six (6) months after having completed the basic training requirements adopted by Indiana Code section 5–2–1–9. That section states in relevant part:

(b) A law enforcement officer appointed after July 5, 1972, and before July 1, 1993, may not enforce the laws or ordinances of the state or any political subdivision unless the officer has, within one (1) year from the date of appointment, successfully completed the minimum basic training requirements established under this chapter by the board.... This subsection does not apply to any law enforcement officer appointed before July 6, 1972, or after June 30, 1993.

Since the Plaintiff was appointed as Deputy Town Marshal in 1965, he qualifies for the exception for officers appointed before July 6, 1972. Therefore, he is not barred from enforcing the laws of the state under Indiana Code section 5–2–1–9. However, this fact does not speak to whether Plaintiff has acquired a property interest in his continued employment under section 36–5–7–3. The Plaintiff argues that although Indiana Code section 36–5–7–3 requires completion of the minimum basic training requirements of Indiana Code section 5–2–1–9, the Indiana legislature provided for an exemption from that requirement, based on experience, by enacting 250 I.A.C. 1–2–1. It states in relevant part:

All law enforcement officers appointed by the State of Indiana or any of its political subdivisions on or after 2:00 p.m., E.S.T., on Thursday, July 6, 1972 ... shall, within one year of the date of appointment, successfully complete the appropriate minimum basic training ... Provided, however, that any such officer who has had previous law enforcement experience ... may, upon proof of such previous experience and training and upon recommendation by the executive director and approval by the board, obtain a waiver of the training mandated herein ...

Again, Plaintiff was appointed to the position of Deputy Town Marshal in 1965, therefore for the purpose of 250 I.A.C. 1–2–1 Plaintiff did not have to successfully complete minimum basic training or obtain a waiver from the executive director. However, once again Plaintiff misses the point, as this fact does not speak to the question of whether Plaintiff has acquired a property interest in his continued employment.

It is the opinion of this Court that Indiana Code section 36–5–7–3 is self-contained. It specifically states that the marshal "serves at the pleasure of the town legislative body." There is only one exception: A marshal who has been employed by the town for six months after he has completed the minimum basic training. If the legislature wanted to provide for an exception based upon experience, it should have done so. It did not, and it is not for this Court to rewrite the statute. Perhaps if Plaintiff had completed the training requirement he would have been due some process; however, that is not the situation in this case and this Court need not answer that question. Plaintiff does not claim to have completed the necessary training and he does not fall within the exception. Plaintiff has acquired no property interest in his continued employment and is therefore due no process under the Fourteenth Amendment.

This outcome is in harmony with the analysis given these statutes by other courts. In *Santini v. Town of New Harmony*, 624 F.Supp. 11 (S.D.Ind.1984), Judge Brooks construed the predecessor to the statute at issue, Indiana Code section 18–3–1–16(d) (1979 Supp.), which stated in part that:

Before terminating or suspending any marshal or deputy marshal who has satisfied the basic training requirements of the Law Enforcement Training Board, and who has been employed by the town for more than six (6) months after completing the basic training requirements, the Board of Town Trustees must follow the disciplinary removal and appeals procedure prescribed by I.C. 18–1–11–3....

The plaintiff in *Santini* served as town marshal for seven months but did not complete any basic training. Accordingly, the Court held that any expectation the plaintiff had that his employment would be continued

and/or protected by the Constitution was not reasonable as he had not completed all the basic training requirements and remained employed as town marshal for six months after completion of those requirements. Today's decision reaches the same conclusion.

 Additionally, Plaintiff argues that a bilateral expectation of continued employment was created by a termination agreement the Defendants asked Plaintiff to sign, but which he rejected. Plaintiff maintains that the unaccepted termination agreement is an independent source of an "understanding" which created a legitimate claim to a property interest in his job. While property interests may be created and their dimensions defined by existing rules or understandings that stem from an independent source, the source of that interest must secure certain benefits and support claims of entitlement to those benefits. *Ratliff v. City of Milwaukee,* 795 F.2d 612, 624 (7th Cir.1986); *Lewandowski v. Two Rivers Public School Dist.,* 711 F.Supp. 1486, 1493 (E.D.Wis.1989). The unsigned termination agreement which Plaintiff claims created a property interest does not secure Plaintiff any benefits or entitlement. On the contrary, the agreement which Plaintiff states he rejected, and which the Court notes Plaintiff has shown no evidence of, was a waiver of any such benefits or entitlement. Accordingly, Plaintiff's allegation that he had enforceable property rights because Defendants asked him to sign an agreement waiving those rights, is unsupported by the facts of Plaintiff's Complaint.

*Liberty Claim*

 Plaintiff also claims he was denied liberty without due process of law. The Supreme Court has constructed a four-part "stigma-plus" test which must be satisfied before a liberty interest in employment will be recognized. This test is as follows:

(1) Plaintiffs must show the reasons offered for defendants' decision to dismiss them are so severe as to impose a "stigma" on plaintiffs and thereby foreclose future employment opportunities. *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972).

(2) Plaintiffs must show that these reasons have been "publicized", or disseminated to the general public by defendants. *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976).

(3) Plaintiffs must have challenged the validity of defendants' assertions and alleged that they are false. *Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977).

(4) The stigma allegedly imposed upon plaintiffs must be accompanied by a concurrent loss of a state-created right or status. *Paul v. Davis,* 424 U.S. 693, 708–09, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976).

*See also Moore v. Martin,* 764 F.Supp. 1298, 1304 (N.D.Ill.1991).

 In the case at hand, Plaintiff's termination as Town Marshal is a loss of status which satisfies the fourth requirement. However, the Plaintiff has failed to satisfy the rest of the stigma-plus test. Specifically, he has not alleged that the reasons Defendants dismissed him were false, nor are the statements which he claims were made by Defendants sufficiently egregious to afford Plaintiff a name clearing hearing.

In *Munson v. Friske,* 754 F.2d 683 (7th Cir.1985), the Seventh Circuit discussed the types of statements sufficiently egregious to be characterized as employment-foreclosing so as to implicate a liberty interest. The *Munson* court found that statements which did not impugn the Plaintiff's good name, integrity, honor or reputation, but merely reflect an evaluation of his professional skills, were not enough to implicate a liberty interest. *Munson,* 754 F.2d at 694. The statements alleged by Plaintiff in the case at bar are that Plaintiff was of poor health, and had poor eyesight. This Court does not find that such statements amount to allegations that Plaintiff's honor, integrity or reputation was impugned so as to entitle him to a name clearing hearing. Such characterizations do not make Plaintiff all but unemployable in the future, as these assertions could be objectively tested and verified in the course of a future job search. Thus, Plaintiff has failed to allege facts sufficient to support his claim

**476**

that Defendants infringed upon his protected liberty interest in violation of the due process clause by not affording him a name clearing hearing.

*State Claims*

 The dismissal of Plaintiff's potential federal claims leaves this Court with jurisdiction over Plaintiff's remaining state-law claims. *Rosado v. Wyman,* 397 U.S. 397, 402–03, 90 S.Ct. 1207, 1212–13, 25 L.Ed.2d 442 (1970). However, whether to retain jurisdiction over Plaintiff's pendent claims is a matter of this Court's discretion. *Id.* at 403, 90 S.Ct. at 1213. In *United Mineworkers of America v. Gibbs,* the Supreme Court emphasized that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Thus, under *Gibbs,* a court should consider and weigh in each case the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over pendent claims. *Id.* at 726–27, 86 S.Ct. at 1139. Accordingly, "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). Based on the principles outlined in *Gibbs* and further clarified in *Carnegie–Mellon,* this Court finds that Plaintiff's state law claims should be resolved by an Indiana state court. Principles of comity dictate that the state court is a more appropriate forum to decide the resolution of those state law matters between litigants who are citizens of Indiana.

*CONCLUSION*

In sum, the Court hereby **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's section 1983 claims with prejudice, and **DISMISSES** Plaintiff's remaining state law claims without prejudice.