816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
Sylvester M. GOULD, Jr.--Individually and Officially;
Althea Baldwin-- Individually and Officially; Search
Committee, of Neighborhood Health Assoc. of Toledo; Board
of Directors; Neighborhood Health Association of Toledo,
Inc., Defendants-Appellees.
 No. 86-3131.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se plaintiff appeals from a district court order which granted the defendants summary judgment in this age employment discrimination and retaliation nonhiring action.
 
 
 3
 Plaintiff essentially argues that the district court erred in dismissing his claims brought under Secs. 1981 and 1985(3), denying his motion for partial summary judgment and/or default judgment, and granting defendants' motion for summary judgment on his claims of retaliatory nonhiring, age discrimination, and employment discrimination under 42 U.S.C. Sec. 2000d-3 (Title VI).
 
 
 4
 Upon review of the district court record, we conclude that the district court properly dismissed plaintiff's claims filed under 42 U.S.C. Sec. 1981 because that section establishes a cause of action only for racial discrimination. Runyon v. McCrary, 427 U.S. 160, 167 (1976). Therefore, the district court properly dismissed plaintiff's claims of violations of Sec. 1981 because he admittedly did not intend to allege racial discrimination.
 
 
 5
 The district court also properly held that plaintiff's 42 U.S.C. Sec. 1985(3) claim failed to state a claim for relief because the alleged act of discrimination was committed by a single corporation and its agents who were acting within their scope of employment. Pearson v. Youngstown Sheet & Tribe Co., 332 F.2d 439, 442 (7th Cir.), cert. denied, 379 U.S. 914 (1964).
 
 
 6
 Plaintiff's third argument is that the district court erred in denying his motion for partial summary judgment and/or default judgment on the grounds that the defendants had not addressed plaintiff's claim brought under 29 U.S.C. Sec. 621 et seq., in their motion filed under Rule 12(b), Federal Rules of Civil Procedure. The district court properly denied plaintiff's motion because Rule 12(a) clearly states that the time within which a defendant must file its answer is altered and extended when that same defendant moves to dismiss the case under Rule 12(b)(6). Specifically, the time within which such a defendant's answer must be filed is extended to 10 days after the court denies the motion to dismiss or postpones its disposition of the motion until trial on the merits.
 
 
 7
 Finally, plaintiff claims that the district court erred in granting the defendants summary judgment on the issues of retaliatory nonhiring, age discrimination (plaintiff voluntarily dismissed this issue) and his Title VII claim. On these issues we affirm for the reasons stated by the district court.
 
 
 8
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.